JULIUS H. WHITE and Others, Trustees, Plaintiffs, *v.* EDITH L. WHITE, Individually and as Executrix, and Others, Defendants.

Supreme Court, Monroe County, May 28, 1929.

*Judson A. Parsons,* for the plaintiffs.

*George Burns,* for the defendants Edith L. White and Lorna H. White.

*Hone & Burke* [*Harold P. Burke* of counsel], for the defendant Ray P. White.

*William DeGraff,* for the defendant Maud L. C. Smith.

*Harold P. Burke,* for the defendant Edith Marie White.

*Isaac Joffe,* for the defendants Jean Emily White and Julius H. White, Jr.

RODENBECK, J. The trust agreement involved in this action provides for the payment of an approximate yearly sum to the life beneficiaries. The amount stated, being " equivalent to $150 for each share of stock held in trust for his or her use," is merely an expression of the amount which it was deemed would constitute a suitable allowance. The trustees were authorized to pay a smaller annual allowance, if the sum suggested would interfere with the prosperity of the corporation. The trustees were given a wide

latitude with respect to the payment of this income by the trust agreement, which provided that it might be done " in any legal manner not unduly wasteful that the judgment of the trustees may approve, either by declaring and paying dividends on the stock, or by employing the beneficiaries and paying them salaries." It was clearly intended that while the welfare and prosperity of the business should be taken into account, the life beneficiaries, Edith L. White and Lorna H. White, should be paid a suitable amount for their support and maintenance, which was estimated at $150 for each share of stock. This sum has been paid to these life beneficiaries, either in dividends or in the form of salaries, which course was countenanced by the terms of the trust agreement. The stock trusteed at the time of the creation of the trust belonged to the life beneficiaries, Edith L. White and Lorna H. White, and, in this respect, the trust differs from those trusts in which the trust fund belonged to a third party, and where the trust was created for the benefit of persons other than the owner of the stock constituting the trust fund, but, nevertheless, the agreement is a valid agreement and binds the owners of the stock to its terms and to the rules of law applicable to the payment of dividends by corporations where a portion of the stock has been trusteed as in this case. The defendants Edith L. White and Lorna H. White are, therefore, not entitled to extraordinary dividends declared out of the surplus earnings existing at the time of the creation of the trust, since they have voluntarily subjected themselves to a trust agreement under which they are entitled only to the use and benefit of the stock which they have subjected to the terms of the trust agreement.

It was the design of the trust agreement, however, that the beneficiaries, Edith L. White and Lorna H. White, who owned the stock that was placed in trust, should receive not only the ordinary dividends paid by the corporation, but that they might draw upon the capital of the trust fund in case it became necessary to provide them with a suitable income. This construction is a reasonable one, when it is considered that the stock originally belonged to them and was placed in trust for the purpose of conserving the corporation and providing them with a suitable income. Ordinary dividends belong, without question, to the beneficiaries, Edith L. White and Lorna H. White, but extraordinary dividends, being a part of the accumulated earnings, and constituting a portion of the trust fund when it was created, should be distributed to the trust fund to be used as provided in the trust agreement. Any interest or income from such trust fund, obviously, would belong to the life beneficiaries, Edith L. White and Lorna H. White, and,

if necessary for their support and maintenance; the capital of the trust fund may be used for that purpose. This is a reasonable conclusion, as heretofore stated, when it is considered that this fund was provided by them when the trust agreement was made.

This conclusion is also in accordance with the case of *Matter of Osborne* (209 N. Y. 450), wherein the court says that " 1. Ordinary dividends, regardless of the time when the surplus out of which they are payable was accumulated, should be paid to the life beneficiary of the trust. 2. Extraordinary dividends, payable from the accumulated earnings of the company, whether payable in cash or stock, belong to the life beneficiary, unless they entrench in whole or in part upon the capital of the trust fund as received from the testator or maker of the trust or invested in the stock, in which case such extraordinary dividends should be returned to the trust fund, or apportioned between the trust fund and the life beneficiary, in such a way as to preserve the integrity of the trust fund " (p. 477). In this case the payment of extraordinary dividends out of the accumulated earnings when the trust fund was created would " entrench in whole or in part upon the capital of the trust fund," and the payment of such dividends into the trust fund, under the terms of the agreement, would permit of the payment of the interest and income therefrom to the life beneficiaries, Edith L. White and Lorna H. White, and the payment of a part of the trust fund, if it should be necessary for their support and maintenance.

The prayer of the complaint is granted, subject to the foregoing interpretation of the trust agreement.

So ordered.